RICHARD H. NOTT *vs.* GEORGE F. OWEN.

York.    Opinion December 5, 1893.

*Landlord and Tenant. Rent. Implied Promise. Co-owners.*

Where the owners of three quarters of a store, holding in common and undivided with the owner of the other quarter, rented their three fourths to a tenant who necessarily occupied the entire store in order to avail himself of the occupancy of the three fourths, such tenant or occupant, being unable to agree upon any terms for the occupancy of the one fourth with the owner thereof, becomes liable, by an implied promise created by the relations of the

parties, to pay to such owner a reasonable rent for his interest in the premises; and no further or greater liability rests upon such tenant for his occupancy. The court finds that, on the facts presented, the plaintiff has already received such reasonable amount of rent for the period covered by the declaration in, his suit.

ON REPORT.

Assumpsit on account annexed to recover rent claimed by the plaintiff as assignee from a part owner of the premises.

The case appears in the opinion.

*R. H. Nott*, for plaintiff.
*J. O. Bradbury*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL,. WHITEHOUSE, JJ.

PETERS, C. J. The plaintiff, representing the ownership of' one undivided quarter of a store, had rented his quarter at the same rate that the other quarters were rented, there being separate contracts between the different owners and the tenant.. Becoming dissatisfied with the amount of rent so received he undertook to terminate the tenancy as far as his undivided quarter was concerned, and notified the tenant that if he occupied his share of the premises after a certain date the rent would be at an increased rate, and that the tenant's continued. occupation would be regarded as an acceptance on his part of the new terms proposed. As the tenant did not acquiesce in: the proposal of the plaintiff, this suit is brought to recover the amount of rent claimed by the plaintiff, the defendant persisting in a continued occupation of the whole property in pursuance of contracts with the other owners.

The plaintiff's proposition that the tenant cannot rightfully occupy the store at all unless there be an agreement with him for the occupancy of his one quarter is far from tenable. Were he a sole owner he could manage his own property in his own way. But as an owner of property in common with other owners he is not entitled to dictate the management of their interests, as well as his own, without their consent. The error of the plaintiff lies in regarding the tenant as in possession of the store under

some agreement with him. The defendant is forbidden by the plaintiff to be his tenant. He is occupying the premises by virtue of an agreement with the other owners, and in occupying their undivided shares he necessarily occupies the whole store. And for the beneficial use of the plaintiff's share of the same he becomes liable to pay him a reasonable rent therefor.

Were it otherwise any tenant in common would have the power by his perverseness to actually destroy the valuable use of the common property. The plaintiff is really in more controversy with his co-owners than with the occupant of the store. The law frowns upon the idea of any such despotic power being possessed by an owner in common over the common property.

The plaintiff has already received rent at the same rate as that received by his co-owners, which he credits in partial payment of his claim; while we think it should be in full satisfaction thereof. He has already received a reasonable rent.

*Plaintiff nonsuit.*